## BYARS v. UNITED STATES.*

(Circuit Court of Appeals, Eighth Circuit. March 9, 1925.)

No. 6812.

**Criminal law ⬤⟹394 — Evidence procured through police search held admissible in federal prosecution.**

That a federal prohibition agent was asked, as a citizen, by the police officer in charge to become one of his force in making a raid on and search of defendant's premises, under a warrant procured by the police under the state law, of which such agent had no prior knowledge, did not render the search one made under federal authority, and evidence secured by the police on the search was admissible in a federal prosecution of defendant.

In Error to the District Court of the United States for the Southern District of Iowa; Martin J. Wade, Judge.

Criminal prosecution by the United States against A. J. Byars. Judgment of conviction, and defendant brings error. Affirmed.

Claude R. Porter, of Washington, D. C. (J. B. Pendergast, of Des Moines, Iowa, on the brief), for plaintiff in error.

Ray C. Fountain, Asst. U. S. Atty., of Des Moines, Iowa (Ross R. Mowry, U. S. Atty., of Newton, Iowa, and Frank F. Wilson, Asst. U. S. Atty., of Mt. Ayr, Iowa, on the brief), for the United States.

Before LEWIS, Circuit Judge, and VAN VALKENBURGH and FARIS, District Judges.

VAN VALKENBURGH, District Judge. The plaintiff in error was found guilty upon two counts of an indictment; the first charging him with unlawfully having in his possession at Des Moines, Polk county, Iowa, with intent to defraud the United States, 20 falsely made and counterfeited strip stamps, in the likeness and similitude of the true and genuine engraved strip stamps as used by the government of the United States under the provisions of section 1 of the Act of Congress, approved March 3, 1897 (Comp. St. § 6070). The second count charges a like offense with respect to 54 of such stamps. The stamps in question purported to be of the kind used upon whisky bottled in bond under the supervision of the United States government in distillery bonded warehouses.

These counterfeit strips were found and seized during the progress of a search of the residence of plaintiff in error under a search warrant issued by the judge of the municipal court, a state court of Iowa in the city of Des Moines, upon an affidavit sworn to by police officers of that city. This search warrant was attacked by counsel for plaintiff in error on the ground that it was invalid under both state and federal law, and the sole error urged is that the search and seizures made under this warrant were without authority, and that the evidence procured thereby was erroneously admitted over the objection of defendant. The search warrant complained of was concededly insufficient under the acts of Congress, whether it was valid under the laws of the state of Iowa is a question which we deem unnecessary to resolve. The facts attending the search are in substance these:

The warrant had already been issued upon application of the police department, as heretofore stated, and the officer in charge of the night liquor bureau of the police station was perfecting his arrangements for the search, when one R. C. Adams, federal prohibition agent at Des Moines, entered the station. Adams had no previous knowledge of the warrant nor of the contemplated raid, and had had no conversation nor understanding with the police officers concerning the enterprise. The officer in charge, finding his force insufficient, impressed Adams into service. To the question, "Where are you going?" the officer replied, "Take your car and follow me." Upon arriving at the premises to be searched the men in the raiding squad were assigned to different rooms. Adams searched the kitchen; he there found the stamps charged in the first count of the indictment. Those covered by the second count were found by the state officers in another room. All were subsequently turned over to the government agent, and this prosecution followed. The trial resulted in conviction upon the first and second counts of the indictment, followed by a sentence of imprisonment in the United States penitentiary at Leavenworth, Kan., for a period of one year and one day.

As has been seen, the main contention in this case, and practically the only one, is the right of the government to use the evidence of crime obtained in the search of the premises of plaintiff in error. It is contended that the warrant under which the search was conducted was invalid under both federal and state law. It is and must be conceded that it does not conform to the requirements of the federal Constitution and the congressional act. Whether it is valid or invalid as a state warrant is immaterial for the purposes of this case, unless the search made was in effect a federal search.

*Certiorari granted 45 S. Ct. 513, 69 L. Ed. ——.

It is unnecessary to consume time in discussing the principles established by decisions of federal courts of last resort. In order that the government may be bound by the action of the state officers, the search must have been initiated by government officers, or government officers must have so far participated in that search as to make it in effect a federal undertaking, or as much a federal undertaking as a state undertaking. If such were the case, we should not hesitate to give legal effect to a situation thus presented; but the record in this case, so far from establishing that situation, leads unavoidably to an opposite conclusion. This raid was initiated by the state officers; the federal prohibition officer had no knowledge of it, nor any part in its conception. The expedition was about to start before it was brought to his notice, so far as this record discloses, and from the record that fact affirmatively appears.

To sustain the defendant's contention in this case it would be necessary to hold that, no matter how incidentally a government officer happens to be present, or to take part as a citizen in a state proceeding, that happening automatically converts a state search into a government proceeding. To this we cannot assent. Part of the evidence discovered—that part which supports the second count upon which the defendant was convicted—was found by state officers under the search planned and instituted entirely by them. This part, in any view, is free from any participation on the part of the prohibition agent, unless his presence converted the entire search into a federal, as distinguished from a state, undertaking. The sentence was a general one, within the limit authorized by statute upon either count, and should be sustained.

The judgment is affirmed.